## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
## WHITE PLAINS

```
---------------------------------------------------------------)
Mirrorlite Mirror, Inc.                                        )
                                                               )    Civil Action No. 23-cv-3437
                                Plaintiff,                     )
                v.                                             )
                                                               )
 LiteMirror, GMM Inc.                                          )
                                                               )
                                Defendant.                     )
---------------------------------------------------------------)
```

## COMPLAINT

The Plaintiff, Mirrorlite Mirror, Inc. (hereinafter, "Plaintiff") by and for its complaint against Defendant, LiteMirror, GMM Inc. ("Defendant") hereby alleges and states:

## INTRODUCTION

1. This is an action for Trademark Infringement pursuant to the Lanham Act §32(1), 15 U.S.C. §1114(1)(a), and the Common Law of the State of New York, and for False Designation of Origin, False Advertising, and Unfair Competition arising under the Lanham Act §43(a), 15 U.S.C. §1125.

## PARTIES

2. Plaintiff, MirrorLite Mirror, Inc. is a New York corporation, located at 710 Washington Street, Peekskill, New York 10566.

3. Upon information and belief, Defendant, LiteMirror, GMM Inc. is a corporation located at 50 South Buckhout Street, Suite 106, Irvington, New York 10533.

## JURISDICTION AND VENUE

4.  This Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 as it involves claims presenting federal questions under 15 U.S.C. §1121(a) (actions arising under the Lanham Act have original jurisdiction in federal courts), and 15 U.S.C. §1114, §1125. This Court also has supplemental jurisdiction over the asserted claims of common law Trademark Infringement, and Unfair Competition, pursuant to 28 U.S.C. §1367(a), because such claims are so related to those claims under which the Court has jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

5.  Venue is proper in this District pursuant to 28 USC §1391(b) because a substantial part of the events giving rise to the claims in this action occurred in this District and because the Parties reside in this District.

## FACTUAL BACKGROUND

6.  Plaintiff is the owner of all right, title, and goodwill associated with the trademark MIRRORLITE in connection with the advertising and sales of glassless mirrors (hereinafter, the "MIRRORLITE Mark").

7.  Plaintiff is also the owner of incontestable US Registration No. 3,908,520, registered July 18, 2011 for the mark MIRRORLITE for plastic, flexible, metal coated film for industrial or commercial purposes and for non-industrial and/or non-commercial purposes. A copy of Plaintiff's Registration Certificate is attached as Exhibit A.

8.  Plaintiff's incontestable registration is conclusive evidence of: (a) the validity of the registered mark and of the registration of the mark; (b) the Plaintiff's ownership of the mark; and (c) the Plaintiff's exclusive right to use the registered mark in commerce.

9. Since long prior to the acts of Defendant complained of herein, Plaintiff has been engaged in the business of offering and providing glassless mirror products under the MIRRORLITE Mark.

10. Plaintiff has been using its MIRRORLITE Mark in the US since at least as early as 2008.

11. Defendant subsequently adopted and is using the highly similar LITEMIRROR mark, including in connection with identical category of goods, namely glassless mirrors.

12. Plaintiff's use of its MIRRORLITE Mark predates Defendant's use of the LITEMIRROR mark.

13. Defendant's use of the LITEMIRROR mark is without the approval or authorization of Plaintiff, and Plaintiff has objected to Defendant's use of this mark.

14. Defendant's infringing activity is willful.

15. Plaintiff has provided Defendant with several opportunities to cease use of this confusingly similar mark, but Defendant continues to willfully infringe Plaintiff's MIRRORLITE Mark.

16. Plaintiff and Defendant promote, market, and/or offer their services on the Internet, including through company websites and social media.

17. Plaintiff's and Defendant's goods and services are marketed and promoted to the same category of customers through the same marketing and sales channels.

18. Through expanded marketing and promotional efforts on the Internet and through social media, Defendant's infringement and encroachment has become progressively more significant with opportunities for consumer confusion continuing to increase.

19. Defendant's acts have made consumer confusion inevitable.

20. Plaintiff has experienced recent instances of consumer confusion, including, most recently when one of Plaintiff's dealers confused Defendant's LITEMIRROR business with Plaintiff's MIRRORLITE business, mistakenly delivering a payment check to Defendant for goods and services provided by Plaintiff.

21. Upon receiving the misdirected check, Defendant did not advise the dealer of the mistake or take any corrective action, but instead proceeded to wrongly cash the check, profiting off of the consumer confusion created by its own infringement.

## COUNT I
## TRADEMARK INFRINGEMENT
## 15 U.S.C. §1114

22. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, inclusive, of this Complaint and the acts of Defendant asserted therein as if fully recited in this paragraph.

23. Without the consent or authorization of Plaintiff, Defendant has adopted and used the LITEMIRROR mark which is confusingly similar to Plaintiff's MIRRORLITE Mark in connection with glassless mirror products.

24. Defendant is using the LITEMIRROR mark without Plaintiff's consent or authorization, in a way which damages the Plaintiff and is likely to cause confusion, mistake, and deception as to the source or origin of the good and services offered by Defendant, giving the impression that these goods and services offered by Defendant are authorized or offered by, or affiliated with the Plaintiff, when in fact they are not.

25. On information and belief, the Defendant's LITEMIRROR goods and services are offered through the same or related trade channels as the Plaintiff's MIRRORLITE goods and services.

26. Upon information and belief, Plaintiff's and Defendant's goods and services are marketed and promoted to the same customers and category of customers.

27. Plaintiff's and Defendant's goods and services are marketed and promoted on the Internet and social media.

28. On information and belief, Defendant's LITEMIRROR goods and services are advertised and promoted through identical or highly related channels to those employed by the Plaintiff.

29. On information and belief, Defendant has no present intention of terminating the activities complained of but, on the contrary, is continually seeking to expand such activities.

30. Defendant's acts create and further the likelihood that the public will be confused as to sponsorship, source, origin, affiliation, or association of the goods and services of Defendant.

31. Plaintiff has placed Defendant on notice of its infringement in writing and Defendant has refused to discontinue its infringing activities.

32. Defendant's infringing activities has led to recent instances of actual consumer confusion.

33. Defendant is willfully infringing Plaintiff's MIRRORLITE Mark.

34. Defendant's adoption and use of the LITEMIRROR mark infringes Plaintiff's rights in Plaintiff's MIRRORLITE Mark as a result of Defendant's use of the LITEMIRROR mark in connection with the same or confusingly similar services and/or goods to those offered by Plaintiff under its MIRRORLITE Mark.

35. Such use by the Defendant is likely to cause confusion, mistake, or deception as to the Plaintiff's MIRRORLITE Mark and Defendant's use, in fact such confusion has already occurred and further confusion is inevitable.

36. Plaintiff is damaged as a result of Defendant's activities.

37. Defendant's activities, as aforesaid, are in violation of 15 U.S.C. §1114.

## COUNT II
## COMMON LAW INFRINGEMENT

38. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, inclusive, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

39. This count is for common law trademark infringement of Plaintiff's trademark rights in Plaintiff's MIRRORLITE Mark, under the laws of the State of New York.

40. The Plaintiff has used, and has acquired considerable goodwill and distinctiveness, with regard to its MIRRORLITE Mark.  The mark has been advertised and promoted and otherwise used in commerce, since at least as early as a date preceding the Defendant's adoption and use of the LITEMIRROR mark.

41. Plaintiff has extensively used its MIRRORLITE Mark in commerce and has acquired a considerable and valuable goodwill for its mark. Relevant segments of the public have come to associate Plaintiff's MIRRORLITE Mark with Plaintiff and Plaintiff's services and goods.

42. Defendant's adoption of the highly similar mark contributes to the likelihood that consumers will attribute services offered under the LITEMIRROR mark as emanating from the Plaintiff.

43. Defendant's use of the highly similar LITEMIRROR mark, on related and confusingly similar services, as alleged above, is highly damaging to the Plaintiff and its mark.

44. Defendant's use of the mark LITEMIRROR in conjunction with similar goods and services as the Plaintiff in the same or similar channels of trade without the Plaintiff's consent or authorization, irreparably damages the Plaintiff and is likely to cause confusion, mistake and deception as to the source or origin of the services and/or products sold and offered for sale by Defendant.

45. Defendant's use of the LITEMIRROR mark has already caused actual consumer confusion, and further confusion is inevitable.

46. Defendant has been placed on notice of the Plaintiff's MIRRORLITE Mark, and of the damage engendered by Defendant's use of the confusingly similar LITEMIRROR Mark.

47. Defendant's infringement is willful.

48. Defendant's actions as aforesaid, damage and threaten to further damage the value of the Plaintiff's MIRRORLITE Mark and the goodwill associated with its trademark.

**COUNT III**
**FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING UNDER THE LANHAM ACT**

49. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, inclusive, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

50. This count arises under 15 U.S.C. §1125(a).

51. Defendant has used the LITEMIRROR mark in a manner which is likely to cause confusion, mistake, or deception with Plaintiff's MIRRORLITE Mark, by virtue of its prominent use thereof in connection with highly related goods and services.

52. Defendant's use of the LITEMIRROR mark represents a False Designation of Origin, as consumers are likely to associate the mark with Plaintiff and with Plaintiff's services and goods.

53. Consumers will believe that Defendant's goods and services in conjunction with the infringing LITEMIRROR mark are associated with, sponsored, and/or endorsed by the Plaintiff, when in fact they are not.

54. Defendant's use of the LITEMIRROR mark erodes the connection between Plaintiff's MIRRORLITE Mark as being the single source for Plaintiff's services and goods offered under such mark. The Plaintiff's reputation has thus been and will continue to be subject to the perils and hazards which arise from Defendant's tortious activities, resulting in grave irreparable harm to Plaintiff and the consuming public.

55. Plaintiff has no control over the acts of Defendant, nor any responsibility for the acts of Defendant.

56. Defendant's acts create and further the likelihood that the public will be confused as to sponsorship, source, affiliation or association of the products and services of Defendant.

57. Defendant's use and/or association with Plaintiff's MIRRORLITE Mark constitutes a false designation of origin, as consumers are likely to associate Plaintiff's mark with Defendant, and in fact consumer confusion has already occurred.

58. Defendant's use of the LITEMIRROR mark constitutes false advertising leading consumers to believe that Defendant's goods and services originate from the Plaintiff when in fact they do not.

59. Defendant's acts under this Count are willful.

## COUNT IV
## UNFAIR COMPETITION UNDER THE LANHAM ACT

60. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

61. This count is for Unfair Competition in violation of 15 USC §1125(a).

62. Defendant's adoption of the Plaintiff's MIRRORLITE Mark without Plaintiff's consent is likely to cause confusion among consumers, particularly as this mark uses the same exact letters as Plaintiff's mark, merely flipping the words MIRROR and LITE.

63. Defendant's adoption of the LITEMIRROR mark unfairly capitalizes on the goodwill associated with the Plaintiff's MIRRORLITE Mark that Plaintiff has built throughout the years.

64. By adopting a mark that is so similar to Plaintiff's MIRRORLITE Mark, Defendant is unfairly competing with Plaintiff by conducting business on the goodwill built by Plaintiff.

65. Plaintiff is harmed by Defendant's activities.

66. Defendant's acts under this Count are willful.

67. Defendant's acts constitute unfair competition.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by a Jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. THAT pursuant to 15 USC §1116 and the equity jurisdiction of this court, Defendant and its officers, agents, employees, representatives, and all persons in privity therewith be permanently enjoined and restrained from using on or in connection with the importation, sale, offering for sale, distribution, exhibition, display, or advertising of its services or goods under the trademark LITEMIRROR, MIRRORLITE, or any other trademark in combination with other words or symbols, or any other marks or symbols that are confusingly or deceptively similar to, or colorably imitative of Plaintiff's MIRRORLITE Mark.

2. THAT pursuant to 15 USC §1117, Defendant be directed to pay over to Plaintiff, any and all damages which they have sustained by consequence of Defendant's statutory and Common Law Trademark Infringement, False Designation of Origin, False Advertising, and Unfair Competition as enumerated herein.

3. THAT the Court, on all claims for relief, grant an award of compensatory, consequential, statutory, and punitive damages to Plaintiff in an amount to be determined at trial.

4. THAT Defendant and its officers, agents, employees, or representatives, and all persons in privity with Defendant not destroy but deliver up to this Court, pursuant to 15 U.S.C. §1118, all: molds, letterheads, advertising materials, computer programs in any language or format (including HTML, Java or other formats for use in internet web pages), labels, packages, containers, name plates, and any other printed or electronic matter of any nature, and any products in their possession bearing or using the trademark LITEMIRROR, MIRRORLITE or any other trademark either alone or in combination with other words or symbols, or any colorable imitation of Plaintiff's MIRRORLITE Mark, for the purposes of destruction thereof.

5. THAT the conduct of Defendant complained of herein be declared willful and as a result the amounts of actual damages be trebled as provided for in 15 U.S.C. §1117.

6. THAT pursuant to 15 U.S.C. §1117, Defendant be required to pay to Plaintiff the costs of this action, including its attorneys' fees and disbursements incurred.

7. THAT Defendant be required to file with this Court and serve on Plaintiff a report in writing and under oath setting forth in detail the manner and form in which the Defendant has complied with the terms of the permanent injunction.

8. THAT the Defendant be required to account to and pay Plaintiff for all profits and expenses realized by Defendant.

9. THAT Plaintiff be granted such other and further relief as this court deems just and equitable.

Respectfully Submitted,

By: ___s/ Jeffrey A. Lindenbaum___
Jeffrey A. Lindenbaum (JL-1971)
Jess M. Collen (JC-2875)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
Tel. (914) 941-5668
Fax. (914) 941-6091
jlindenbaum@rothwellfigg.com
*Attorneys for Plaintiff*

April 25, 2023