UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIRRORLITE MIRROR, INC.,

                    Plaintiff,

          -against-

GLASSLESS MIRROR MANUFACTURERS,
INC.,

                    Defendant.

**ORDER**

23-CV-03437 (PMH)

PHILIP M. HALPERN, United States District Judge:

On November 17, 2025, the parties filed a joint Proposed Pretrial Order ("Initial Proposed JPTO"). (Doc. 104). Subsequently, between November 17, 2025 and November 24, 2025, the parties filed additional pretrial materials. (Docs. 105-120). On February 4, 2026, the parties are scheduled to appear for an initial pretrial conference. (Doc. 121). Upon review of the foregoing materials, and considering the upcoming conference, the Court directs as follows:

1. On November 17 and 24, 2025, Defendant filed two letter motions to seal (Doc. 106 and Doc. 117, respectively). Upon the Court's review, Defendant's applications are denied without prejudice to renew. The Clerk of Court is respectfully directed to terminate the letter motions pending at Docs. 106 and 117.

2. On November 24, 2025, Plaintiff filed a purported "Amendment to the Pretrial Order." (Doc. 113). Upon the Court's review, Doc. 113 is stricken from the docket as improper. Accordingly, the parties shall meet and confer and file, by **January 9, 2026**, a revised joint Proposed Pretrial Order, and to the extent agreed upon by the parties, Plaintiff may incorporate the modifications from Doc. 113 therein. The Clerk of Court is respectfully directed to strike document number 113 from the docket but retain the summary docket text for the record.

3. The Initial Proposed JPTO includes reference to Defendant's apparent intention to rely upon "Deposition Testimony from Unavailable Witness[s]," and includes Exhibit C, "Deposition Designations," as an attachment to the Initial Proposed JPTO. (*See* Doc. 104 at 15; Doc. 104-3). Upon the Court's review, Doc. 104-3 is stricken from the docket for failure to show the unavailability of such witnesses in violation of Rule 6(A)(x) of the Court's Individual Practices and Rule 32(a)(4) of the Federal Rules of Civil Procedure. Accordingly, the Clerk of Court is respectfully directed to strike document number 104-3 from the docket but retain the summary docket text for the record.

4. The parties shall file, by **January 9, 2026**, for the Court's review, new exhibit lists to replace Exhibits A and B of the Initial Proposed JPTO (Docs. 104-1, 104-2) with the

1

following directives. The exhibit lists shall contain only five (5) column identifiers, as follows: 1) "Exhibit Number/Letter"; 2) "Bates Numbers"; 3) "Description"; 4) "Basis for Admissibility"; and 5) "Objection." Plaintiff's Exhibit List shall utilize numbers in the Number/Letter column, Defendant's Exhibit List shall use letters. The parties shall meet and confer to ensure that there are no duplicate exhibits between their respective exhibit lists. The parties are directed to reconsider their objections and either state the objection succinctly, or state there is none. Further, any objections shall be denoted by reference to the allegedly applicable Federal Rule of Evidence, not coded to an "Objection Key."

5. This non-jury trial includes three claims for relief and two affirmative defenses that do not require 241 pages of Findings of Fact and Conclusions of Law. The parties are cautioned that the Findings of Fact and Conclusions of Law should only include that which is applicable to the claims/defenses and nothing else. Where the parties can agree and avoid responses/objections, they must. Accordingly, the parties shall, **by January 9, 2026**, meet and confer and comply with Rule 6(B)(ii) of this Court's Individual Practices— specifically, the Parties are directed to exchange their respective sections of the Proposed Findings of Fact and Conclusions of Law, incorporate responses/objections as necessary, then file **one** joint complete document with the Court in compliance with Rule 6(B)(ii). The revised Proposed Findings of Fact and Conclusions of Law shall also include the "Stipulations of Law and Facts" detailed within the Initial Proposed JPTO as a separate section of "undisputed" Findings of Fact and Conclusions of Law. (Doc. 104 at 5-10).

6. All of the revised pretrial materials must be filed via ECF and simultaneously e-mailed to Chambers e-mail, with courtesy copies provided in hard copy to Chambers by **January 9, 2026**.

SO ORDERED:

Dated: White Plains, New York
       December 5, 2025

_____
Hon. Philip M. Halpern
United States District Judge

2