

**LEASON ELLIS** INTELLECTUAL PROPERTY ATTORNEYS

One North Lexington Avenue, Suite 1200
White Plains, New York 10601
**T** 914.821.1686
**M** 304.280.3763
isackson@leasonellis.com

February 11, 2026

**VIA ECF**
The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Robert M. Isackson**
PARTNER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/12/26

Re:    *Mirrorlite Mirror, Inc. v. LiteMirror, GMM Inc., et al.,*
       No.: 7:23-cv-03437-LAK (S.D.N.Y.)

Dear Judge Kaplan:

We represent Defendant Glassless Mirror Manufacturers Inc. ("Defendant") in the above-referenced action. Pursuant to the Court's Individual Rules of Practice, Defendant respectfully requests approval to file a version of Plaintiff's and Defendant's Amended Joint Proposed Findings of Fact and Conclusions of Law and Responses ("FOF & COL") that redacts certain information designated by Defendant as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Confidentiality Agreement and Protective Order (Dkt. 40; the "Protective Order") in this case.

Specifically, Defendant seeks to redact in Defendant's Opposing Proposed Findings of Fact No. 172 the dollar amounts spent by Defendant on certain marketing efforts in connection with its promotion of LITEMIRROR glassless mirrors. FOF & COL at 72 of 175. This information consists of sensitive business information impacting Defendant's reasonable privacy interests. Moreover, the Court previously granted Defendant's prior request to redact this same information. *See* Dkts. 131, 133; *see also*, Dkts. 61, 72, 100 at 1 n.2 (prior orders from Judge Halpern granting requests to redact the same or related information).

The Court is well within its authority to grant Defendant's motion to redact. Although there is a presumption in favor of providing the general public with access to judicial documents, the presumption of access is "not absolute." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 n.4 (2d Cir. 2006). Indeed, the Court has "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in our courts." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). Good cause exists for the reasons discussed below.

The redaction of the information requested in each of the documents referenced above is justified by the Defendant's interest in preserving the confidentiality of its sensitive business information and to otherwise protect its privacy interests. "[T]he presumption of access [to judicial documents] may be outweighed when there are considerations of the need to conceal confidential business information that could harm a defendant's competitive position or reveal a trade secret." *Ramirez v. Temin & Co., Inc.*, No. 1:20-cv-06258-ER, 2020 WL 6781222, at *3 (S.D.N.Y. Nov. 18, 2020). The Second Circuit recognizes that "the privacy interests of those resisting disclosure"

# LEASON ELLIS

The Honorable Lewis A. Kaplan
February 11, 2026
Page 2

may in some cases be sufficient to override the presumption of public access. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). More specifically, sensitive business information is consistently recognized as a countervailing factor that can prevail over the presumption of public access. *See id.* at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts[.]"); *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 1:13-cv-02581-PKC-JLC, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021); *Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 1:16-cv-06399-PKC, 2020 WL 5813448, at *2 (S.D.N.Y. Sept. 30, 2020) ("The demonstration of a valid need to protect the confidentiality of such sensitive business information may be a legitimate basis to rebut the public's presumption of access to judicial documents."); *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see, e.g., Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (confidentiality of information such as "internal corporate documents" sufficient to overcome presumption of public disclosure); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412 (S.D.N.Y. 2015) (granting motion to file under seal documents consisting of "highly confidential sales information, including pricing information"), *on reconsid. in part*, No. 1:13-cv-08171-JMF, 2015 WL 3739276 (S.D.N.Y. June 15, 2015). The information requested to be redacted consists of sensitive business information, as well as other non-public information invoking Defendant's legitimate privacy interests. Accordingly, the case law amply supports the redaction of these documents.

For the foregoing reasons, Defendant respectfully requests that the Court grant the relief requested herein.

Respectfully submitted,

Robert M. Isackson

Cc: Counsel of record (via ECF)

Granted

SO ORDERED

_____
LEWIS A. KAPLAN, USDJ