UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MIRRORLITE MIRROR, INC.,

              Plaintiff,

      -against-                               23-cv-3437 (LAK)

GLASSLESS MIRROR MANUFACTURERS INC.,

              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### MEMORANDUM AND ORDER DENYING
### MOTION FOR RECONSIDERATION

LEWIS A. KAPLAN, *District Judge.*

        Defendant's motion for reconsideration (Dkt 154) is **DENIED,** as defendant has failed to establish any of the prerequisites for such relief. The Court writes briefly to make one point upon which all or most of the pending motion turns.

        The lynchpin of defendant's motion is the argument that the Court overlooked the supposed fact that "MIRRORLITE is a descriptive mark under controlling Second Circuit law." Its theory is that "[m]arks that convey an immediate idea of **some** characteristic or attribute of the product' *have been found* descriptive" and, according to defendant, therefore *must* be found descriptive.[1] But there are at least two flaws in the argument.

        First, even assuming some such marks have been found descriptive does not necessarily mean that all such marks are descriptive as a matter of law. Certainly defendant does not cite any authority that so holds. Even more important, it is perfectly clear that the law in the Second Circuit is that the determination whether a mark is descriptive or suggestive is a factual question to be determined by the finder of fact, in this case the trial judge.[2] This trial judge has found as a matter of fact that MIRRORLITE, on the facts of this case, is suggestive. Defendant has not argued that the finding is clearly erroneous.

        SO ORDERED.

Dated:       June 23, 2026

                                    Lewis A. Kaplan
                              United States District Judge

---

[1]    Dkt 155, at 4 (cleaned up) (underscoring and bold face in original, other emphasis added).

[2]    *Lane Capital Mgmt. Inc. v. Lane Capital Mgmt., Inc.,* 192 F.3d 337, 344-45 (2d Cir. 1999); *Courtney Comm'ns Corp. v. Hall,* 334 F.3d 210, 215 (2d Cir. 2003).