## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

Mirrorlite Mirror, Inc.                              )
                                                     )        Civil Action No. 23-cv-3437 (LAK)
                            Plaintiff,               )
               v.                                    )
                                                     )
Glassless Mirror Manufacturers Inc.                  )
                                                     )
                            Defendant.               )

---------------------------------------------------------------

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 06/23/2026

## PERMANENT INJUNCTION AND JUDGMENT

**WHEREAS**, this Court has jurisdiction over the subject matter of this case and jurisdiction over the Parties.

**WHEREAS**, on May 1, 2026 the Court entered its Memorandum Opinion Granting Permanent Injunction (Dkt. 152), corrected June 23, 2026, finding that:

a.      Plaintiff, Mirrorlite Mirror, Inc. ("Plaintiff") is the owner of the MirrorLite trademark for glassless mirrors and that Plaintiff has prior rights to the MirrorLite trademark that pre-date Defendant Glassless Mirror Manufacturers, Inc.'s ("Defendant") rights in the LiteMirror mark;

b.      Defendant's use of LiteMirror creates a likelihood of confusion with Plaintiff's MirrorLite Trademark;

c.      Plaintiff has prevailed against Defendant on its False Designation of Origin claim under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

d.      Plaintiff has prevailed against Defendant on its New York state claim for Trademark Infringement;

e.      Plaintiff's Lanham Act Section 32(1) claim is dismissed;

f.     Defendant's bad faith precludes Defendant's defense of laches; and

g.     Plaintiff is entitled to a permanent injunction against Defendant to "enjoin Defendant from using LiteMirror to market and sell glassless mirrors <u>unless</u>, in every instance, it is accompanied by an appropriate disclaimer . . . that references MirrorLite";

**NOW THEREFORE, it is hereby ORDERED and ADJUDGED** that:

1.     Judgment is hereby entered in favor of Plaintiff and against Defendant holding Defendant's use of its LiteMirror mark (a) constitutes False Designation of Origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (COUNT III) in violation of Plaintiff's rights; and (b) infringes Plaintiff's MirrorLite trademark under New York State law (COUNT II).[1]

2.     Plaintiff's Lanham Act Section 32(1), 15 U.S.C. § 1114, claim (COUNT I) is dismissed.

3.     Except to make any fair use reference, including any fair use reference to Plaintiff, to Plaintiff's products sold under the MIRRORLITE mark in compliance with applicable laws, or to Mirrorlite Products, Inc., Defendant, Defendant's officers, agents, servants, employees, and attorneys, and any other person in active concert or participation with any of the foregoing persons, who receive actual notice of this judgment by personal service or otherwise, are PERMANENTLY ENJOINED from any use of Plaintiff's MirrorLite trademark to directly or indirectly manufacture, distribute, provide, sell, market, advertise, promote, or authorize any third-party to manufacture, distribute/provide, sell, market, advertise, or promote glassless mirrors and/or related products.  For purposes of clarity, fair use references include nominative fair use and comparative advertising.

---

[1] Plaintiff's Unfair Competition Claim (COUNT IV) was withdrawn prior to trial by stipulation of the Parties.

2

4.      Defendant, Defendant's officers, agents, servants, employees, and attorneys, and any other person in active concert or participation with any of the foregoing persons, who receive actual notice of this judgment by personal service or otherwise, are PERMANENTLY ENJOINED from using the term LiteMirror to directly or indirectly manufacture, distribute, provide, sell, market, advertise, promote, or authorize any third-party to manufacture, distribute/provide, sell, market, advertise, or promote glassless mirrors, <u>unless</u>, in every instance, as defined below, any use of LiteMirror is accompanied by a disclaimer (the "Disclaimer") that states:

> *"MirrorLite Mirror, Inc. is one of our competitors.   We are not affiliated with the MirrorLite brand."*

In "every instance" is a defined term that means:

(a) For any printed marketing materials, excluding invoices, business cards, and any envelopes or other packaging in which printed marketing materials or other written communications may be sent, the Disclaimer shall appear at least once on the first page of such materials;

(b) For any website owned or operated by Defendant the Disclaimer shall appear at the top of every page of the website so that it is visible to the consumer without any scrolling or clicking, including any shopping page or shopping cart page where Defendant uses LiteMirror;

(c) For any social media page (e.g., Facebook, X, Instagram, etc.), the Disclaimer must appear in the account's profile, bio, about-me, or equivalent field.  For any post made through a social media platform, the Disclaimer must appear in the text accompanying the post if the term LiteMirror also appears in the post, any images accompanying the post, or in the username of the posting account;

(d) For any website owned or operated by a third-party partner of Defendant (e.g., on a distributor's website or on a third-party reseller site such as Wayfair or Houzz), the Disclaimer shall appear on any page that includes the LiteMirror mark so that it is visible to the consumer without any scrolling or clicking relative to where the LiteMirror mark appears on the page;

(e) The Disclaimer shall appear on any material used to package a glassless mirror for sale, except that no Disclaimer shall be required to be placed on any packaging, shipping, or other materials associated with a glassless mirror purchased on a website that otherwise complies with this judgment;

(f) For email marketing and other email communications with consumers or potential consumers, the Disclaimer shall appear in the body or signature of the email;

(g) At trade shows, one Disclaimer shall be posted at the Defendant's booth, and paragraph 5(b) notwithstanding, if the largest use of LiteMirror is printed or displayed in a font larger than 24-point, the Disclaimer must appear in a font at least half as large as the largest font in which LiteMirror appears.

5.    In every instance, the Disclaimer shall:

   a. if the font size is within the control of the Defendant or the Defendant's third-party partner, be in a font no less than 12-point, except that if no text on the material where the Disclaimer is being placed is in a font larger than 11-point, then the Disclaimer shall be at least as large as the largest use of LiteMirror;

   b. appear in color or shading that contrasts sufficiently with the background to ensure readability by an ordinary consumer;

6.    In any instance where including a disclaimer that complies with Paragraphs 4 and 5 is not possible (e.g., a third party platform has limitations that Defendant cannot overcome), Defendant's obligation shall be to undertake all efforts to use a disclaimer that complies as closely as possible with the terms of this Injunction.

7.    For the avoidance of doubt, no Disclaimer is required (a) in connection with use of LiteMirror on any physical building signage, and (b) if the trademark LiteMirror (including "LiteMirror.com") does not appear on the website, printed material, packaging, social media page, etc., to which the Disclaimer otherwise would be applied.

8.    This Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the Parties and their respective successors, assigns, parents, and subsidiaries, and

each party's officers, owners, directors, and on affiliates that are owned or controlled by the Parties.

9.  The Court retains jurisdiction of this matter for the purpose of enforcing the terms of this Judgment and Permanent Injunction.

10.  The Permanent Injunction shall remain in full force and effect unless and until modified by order of this Court.

11.  The Clerk of the Court shall close the case.

**SO ORDERED**

Lewis A. Kaplan
United States District Judge

Dated:
6/23, 2026

Issued at 3:30 pm